TROUTMAN PEPPER LOCKE LLP
Jeffrey M. Goldman (SBN 233840)
jeffrey.goldman@troutman.com
Andrick J. Zeen (SBN 335446)
andrick.zeen@troutman.com
Two California Plaza, 350 South Grand
Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:   213.928.9800
Facsimile:   213.928.9850

Nicholas J. Schuchert (SBN 307249)
nicholas.schuchert@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Telephone:   949.622.2700
Facsimile:   949.622.2739

Attorneys for Defendant
UPONOR, INC.

TROUTMAN PEPPER LOCKE LLP
TWO CALIFORNIA PLAZA
350 SOUTH GRAND AVENUE
SUITE 3400
LOS ANGELES, CA 90071

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD P. CLIFFORD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UPONOR, INC.; and DOES 1 through 100, inclusive, whose true names are unknown,<br><br>Defendants. | Case No.  3:25-cv-01286-BJC-DDL<br><br>Assigned to Hon. Judge Benjamin J. Cheeks<br><br>**REPLY IN SUPPORT OF UPONOR, INC.'S MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO: (1) DISMISS/STRIKE CLASS ALLEGATIONS; AND (2) DISMISS CLAIMS**<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

## I.    INTRODUCTION

Nothing in Plaintiff's Opposition changes the fact that the parties' rights and obligations are governed by Uponor's Limited Warranty (the "**Warranty**") and he must therefore arbitrate his claims.  Absent arbitration, the claims must be dismissed.

***First***, Plaintiff was the sole beneficiary of the Warranty, and it is clear that he submitted, and participated in, a Warranty claim.  Contrary to his position that his plumber – instead of Plaintiff himself – submitted a claim to Uponor, the Warranty makes clear it applies to the owner of the real property where the PEX pipes are installed.  Uponor allows plumbers to submit Warranty claims to lessen the burden on homeowners, and Plaintiff seeks to misconstrue that offer to argue an absurdity – *i.e.*, that a plumber can submit a warranty claim on his own behalf as the Warranty's beneficiary.  This argument fails.

***Second***, Plaintiff's Declaration ("**Clifford Decl.**") and Opposition establish that Plaintiff's plumber was his agent in procuring the Uponor PEX used to re-pipe Plaintiff's house and submitting the Warranty claim to Uponor, and thus the plumber's knowledge of Uponor's Warranty (necessarily including its arbitration provision) is imputed to and binds Plaintiff.

***Third***, Plaintiff now declares no knowledge of Uponor's Warranty or other literature.  That contention is belied by (i) his pre-filing CLRA demand letter which expressly addresses Uponor's Warranty and marketing materials; and (ii) evidence showing Plaintiff participated in his Warranty claim.  Either Plaintiff knew of this documentation and must arbitrate or he did not know of it and lacks standing for his misrepresentation and concealment-based claims due to lack of reliance.

***Fourth***, the Clifford Decl. and Opposition are rife with other statements which highlight the individualized determination the Court would need to undertake to certify a class action—an exercise that courts are particularly disinclined to engage in —and further demonstrates his inability to plead plausible causes of action.

TROUTMAN PEPPER LOCKE LLP
TWO CALIFORNIA PLAZA
350 SOUTH GRAND AVENUE
SUITE 3400
LOS ANGELES, CA 90071

3:25-CV-01286-BJC-DDL

## II.    LEGAL ARGUMENTS

### A.    Plaintiff Should Be Compelled To Arbitrate His Claims.

#### 1.    Plaintiff Himself Participated in the Warranty Claim.

Contemporaneous e-mails demonstrate Plaintiff personally engaged in the Warranty process.  For example, on December 19, 2022, Uponor engineer Nick Bowers told Plaintiff of an upcoming examination at his home "to collect information for Uponor warranty claim determination[.]"  (Beissel Decl. at Ex. 3 p. 25)  Mr. Bowers explained to Plaintiff – not Mr. Ludlow – that Christy Wegner, at the time Uponor's Warranty Claim Specialist, "has been assigned to *your claim*."  (*Id.*) (emphasis added).  Mr. Ludlow later asked Ms. Wegner to "forward" her Warranty evaluation summary "to Ed Clifford."  (*Id.*, p. 22)  Ms. Wegner then emailed ***Plaintiff*** a summary of Uponor's "evaluation for *the warranty claim submitted to Uponor <u>on your behalf</u>* by Integrity Repipe."  (*Id.*, p. 20) (emphasis added).  Plaintiff never disputed those communications until faced with this motion.  His current disavowal of involvement is thus inconsistent with his prior conduct.

#### 2.    Plaintiff Submitted a Warranty Claim.

To avoid the plain language of the emails between Plaintiff and Uponor submitted with the Motion, Plaintiff manufactures a position that he "never submitted (or authorized anyone else to submit on [his] behalf) a warranty claim."  (Clifford Decl. at ¶ 15)  Rather, Joe Ludlow, his plumber, allegedly submitted a "wholly independent" warranty claim (Opposition at 9:22-23) that Plaintiff "had nothing to do with." (Clifford Decl. at ¶ 35) Plaintiff's argument is spun from whole cloth, and does not generate any dispute as to whether an arbitration agreement was formed.

To begin, the Warranty provides that Uponor "warrants ***to the owner of the applicable real property*** that the Uponor products listed below shall be free from defects in materials and workmanship, under normal conditions of use when installed as part of a potable water distribution system."  (Decl. of Stacey Beissel ("**Beissel**

Troutman Pepper Locke LLP
Two California Plaza
350 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

3:25-CV-01286-BJC-DDL

**Decl.**"), Ex. 1 p. 1) (emphasis added).  The Warranty designates the homeowner as the sole beneficiary, with no mention of plumbers as beneficiaries.  (*See id.,* pp. 1-2).

Ignoring the Warranty's terms, Plaintiff then characterizes Uponor's use of the phrase "your claim" in an email to Mr. Ludlow as referring to a claim submitted by Mr. Ludlow on his own behalf.  (*See* Opposition at 4:26-5:6)  Yet, that email does not specify that "your claim" refers to Mr. Ludlow as opposed to Plaintiff and the determination of who "your claim" refers to is immaterial.  The Warranty establishes that *any* submitted claim is solely for the benefit of the "owner of the applicable real property," not the plumbing contractor.  (Beissel Decl. at Ex. 1 p. 1).[1]

Plaintiff's theory regarding Uponor's two separate warranty claim forms, one designated for a property owner and the other for a contractor/builder, fares no better. (Opposition at 3:21-4:5).  Uponor provides these forms to enable both the owner and/or plumber to submit a warranty claim for the homeowner's benefit.  That streamlined process allows the plumber to submit the claim to Uponor and seek payment that would otherwise have to go to the homeowner.  (Declaration of Christy Wegner ("**Wegner Decl.**"), ¶¶ 9-14).[2]

### 3.    Plaintiff's Cited Cases Involving Uponor are Inapposite.

Plaintiff cites *Matzdorf v. Uponor, Inc.* and *Carrico v. Uponor, Inc.* to support his position that Uponor's alleged "unilateral arbitration language" is "widely understood" as "defect[ive]".  (Opposition at 6:21-7:6).  He is mistaken.

*Matzdorf* did not deny the motion to compel arbitration or find the arbitration provision defective; instead, a Colorado magistrate judge recommended a summary

---

[1] The uncontroverted evidence shows Plaintiff understood the Warranty applied to his PEX lines, that Mr. Ludlow was not charging him directly for the repairs, and the Warranty that applied to his PEX was the source of payment for Mr. Ludlow's repairs.
[2] This is why Plaintiff would not need to register a warranty, which Uponor does not require, and why Plaintiff would not possess a warranty or claim number or have invoices.  (*See* Clifford Decl., ¶¶ 15, 46-47, 49).  Plaintiff authorized Mr. Ludlow to navigate the Warranty process on his behalf.  (Ludlow Decl., ¶¶ 30-33).  The claim form submitted by Mr. Ludlow identifies Plaintiff's address, and despite his assertion that "Mr. Clifford's name is not included in our claim form" (*id.*, ¶ 39), Plaintiff's name is on page 4 which was uploaded with the claim form.  (*Id.* at Ex. 4 p. 4, listing "Ed Clifford #2").

TROUTMAN PEPPER LOCKE LLP
TWO CALIFORNIA PLAZA
350 SOUTH GRAND AVENUE
SUITE 3400
LOS ANGELES, CA 90071

- 3 -

trial to determine the existence of an arbitration agreement. *See Matzdorf v. Uponor, Inc.*, 2022 WL 17547941, at * 9 (D. Colo. Aug. 24, 2022). *Matzdorf* was ultimately resolved prior to such a trial taking place or a class being certified and is not authority for denying arbitration. Likewise, *Carrico* is inapposite in that Uponor did not argue to that Tennessee District Court – as it does here with reference to California case law such as *Pang v. Samsung Electronics America, Inc.*, 371 F.Supp.3d 633, (N.D. Cal. 2019) – that the plaintiff had actively engaged in the Warranty process or hired a plumber to install Uponor's PEX who had extensive knowledge of the Warranty when acting on behalf of Plaintiff with Uponor. Rather, in *Carrico*, Uponor's arbitration arguments centered on third-party beneficiary, judicial estoppel, and assignment theories not presently advanced here. *Carrico v. Uponor, Inc.*, 2025 WL 967542, at *14-18 (M.D. Tenn. Mar. 31, 2025). Finally, Plaintiff disregards a California decision where a court granted Uponor's motion to compel arbitration under similar facts. *See, e.g., Haynes v. Uponor, Inc.*, 2022 WL 541180 (N.D. Cal. Feb. 23, 2022) (granting motion to compel arbitration where plaintiff was assigned the warranty).[3]

**4.  Plaintiff's Other Cited Cases and Plaintiff's Evidence Further Establish that Plaintiff Assented to Arbitration.**

Plaintiff's other cited cases support *Uponor*'s position. For example, the *Hoekman* court held that a roof shingle warranty with an arbitration clause bound homeowners where the shingles were delivered directly to a contractor – who knew of the shingles' warranty – as the homeowner's agent. 2015 WL 9591471, at *6-7. Entrusting the receipt and installation of the shingles to the contractor authorized the contractor to represent plaintiffs in receiving the shingles from the manufacturer. *Id.* at *6. This established an agreement between the manufacturer and contractor and bound plaintiffs under an agency theory. *Id.*

---

[3] Plaintiff unsuccessfully attempts to distinguish *Haynes* by claiming the plaintiff was bound by the Warranty's arbitration provision because his breach of implied warranty claim judicially admitted the Warranty's applicability. *Haynes*, 2022 WL 541180, at *2. Here, there is greater reason to compel Plaintiff to arbitration because he sent a CLRA letter admitting the Warranty's applicability and submitted a warranty claim.

TROUTMAN PEPPER LOCKE LLP
TWO CALIFORNIA PLAZA
350 SOUTH GRAND AVENUE
SUITE 3400
LOS ANGELES, CA 90071

Like in *Hoekman*, Plaintiff entrusted the receipt and installation of the PEX pipes with Mr. Ludlow, who "purchased all the supplies he needed to complete the repipe of [Plaintiff's] home including the Uponor pipe." (Clifford Decl. at ¶ 7). Mr. Ludlow had knowledge of Uponor's warranty when dealing with Plaintiff because he was trained by Uponor to install the PEX (dkt. no. 1 [Complaint] at ¶ 115; Ludlow Decl. at ¶ 7) and had admittedly submitted warranty claims on behalf of other homeowners (*see id.*). *Hoekman*, 2015 WL 9591471, at *6.[4] Therefore, Mr. Ludlow's knowledge of the Warranty at all pertinent times – which he does not deny – is imputed to Plaintiff. Plaintiff's evidence establishes that Mr. Ludlow had the authority to act as his agent and was well aware of Uponor's Warranty when invoking Plaintiff's Warranty rights on Plaintiff's behalf to Uponor.[5] (Ludlow Decl., ¶¶ 7, 8). Thus, arbitration should be compelled based on the principal/agent relationship.[6] *See Hoekman*, 2015 WL 9591471, at *6-7.

Plaintiff's citations to *Norcia v. Samsung Telecommunications America, LLC* and attempt to distinguish *Pang* undermine his arguments because both cases stand for the proposition that a contractor who submits a warranty claim on behalf of a homeowner can bind the homeowner to the warranty's terms. *Compare Norcia v. Samsung Telecom's Am., LLC*, 845 F.3d 1279, 1286 (9th Cir. 2017) (finding plaintiff was not bound by an arbitration provision where they did not give any outward

---

[4] *See also Dye v. Tamko Building Prods., Inc.*, 275 F. Supp. 3d 1314, 1319 (M.D. Fla. 2017), *aff'd* 908 F.3d 675 (11th Cir. 2018) (compelling arbitration in reliance on *Hoekman*). As the Eleventh Circuit held in affirming *Dye*, "[p]urchasing a product necessarily and by definition encompasses accepting the terms of that purchase. The homeowners here expressly delegated to their roofers the task of purchasing shingles, and yet they now contest terms—in particular, those requiring mandatory arbitration—that are part and parcel of that purchase" and it is "axiomatic" that "knowledge or notice that an agent acquires while acting within the course and scope of his authority is generally imputed to his principal." 908 F.3d at 684.

[5] This fact distinguishes Plaintiff's cited case of *Hernandez v. LG Electronics U.S.A., Inc.*, which declined to impute the installers' warranty knowledge to plaintiffs where – **unlike here** – the installers were **not** the plaintiff's agent but, rather, were hired by the retailer selling the product. 2024 WL 1601260, at *3 (C.D. Cal. Mar. 28, 2024).

[6] The first time Plaintiff (i) argued that the Warranty claim had not been submitted on his behalf and (ii) submitted his declaration evidence was in the Opposition. Thus, it is appropriate for Uponor to raise this argument in reply, and the argument is not "waived" as argued – without citation to authority – in fn. 3 of the Opposition.

TROUTMAN PEPPER LOCKE LLP
TWO CALIFORNIA PLAZA
350 SOUTH GRAND AVENUE
SUITE 3400
LOS ANGELES, CA 90071

manifestations of consent that would lead a reasonable person to believe they consented to the provision) *with Pang*, 371 F. Supp. 3d at 639-40 (compelling arbitration because "[i]nvocation of a Limited Warranty that includes an arbitration agreement might reasonably be understood as acceptance of the offer"). Plaintiff's conduct establishes that he either submitted a Warranty claim himself, or authorized Mr. Ludlow to submit a claim on his behalf, with actual or imputed knowledge of its terms. These actions establish Plaintiff's legal assent to the arbitration provision.

### 5. Uponor's Warranty and Marketing Materials.

Plaintiff has either seen Uponor's warranty and marketing materials, as he explicitly alleges in his Complaint and CLRA letter – which supports compelling arbitration – or he has "never seen" such materials, as he now contends (Clifford Decl., ¶¶ 13, 19), in which case he lacks standing to bring his CLRA, UCL, or FAL claims due to lack of reliance, as discussed below. He cannot have it both ways.

In ruling on the Motion, Plaintiff's statements made when *not* facing such a motion should bear greater weight than language crafted to oppose a motion to compel arbitration. Here, Plaintiff's CLRA letter – submitted on behalf of "himself" – states the Warranty represents that Uponor's "cross-linked polyethylene tubing (PEX-A) products manufactured and supplied from 2008 to the present" are "free from defects in materials and workmanship," and Uponor provides "a warranty that it knowingly and unjustly limits and excludes coverage." (*See* Beissel Decl., Ex. 1 pp. 1-2). Plaintiff also alleges his exposure to Uponor's "false and misleading" promotional representations and installation manuals. (*Id.*, ¶¶ 163-164). His awareness of Uponor's Warranty, marketing materials, and denial of Warranty claims, coupled with his Warranty claim, requires arbitration. *Cisco Sys., Inc. v. Capella Photonics, Inc.*, No. 20-CV-01858-EMC, 2020 WL 4923697, at *3 (N.D. Cal. Aug. 21, 2020) ([W]hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations.*") (citing *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002)) (emphasis in original).

3:25-CV-01286-BJC-DDL

TROUTMAN PEPPER LOCKE LLP
TWO CALIFORNIA PLAZA
350 SOUTH GRAND AVENUE
SUITE 3400
LOS ANGELES, CA 90071

### 6. The Arbitration Provision Applies to Plaintiff's Claims.

Plaintiff quibbles about language in the Warranty's choice-of-law provision (Opposition at 11:11-18), while ignoring the Warranty's clear statement that, "[i]n the event claimant and Uponor are unable to resolve *a* claim through informal means, the parties shall submit the dispute to the American Arbitration Association . . . and any arbitration proceedings shall be conducted before a single arbitrator." (Beissel Decl. at Ex. 1 p. 2) (emphasis added). Because "the indefinite article 'a' has a 'generalizing force,'" it "is synonymous with the word 'any.'" *Hooks ex rel. NLRB v. Kitsap Tenant Support Servs.*, 816 F.3d 550, 558-59 (9th Cir. 2016) (citation omitted).

To clarify matters, the Warranty specifies in the "Miscellaneous" section that "*any* claims arising from breach of contract, tort, or *any* other claim arising from the sale of Uponor's products shall be governed and construed under the laws of the State of Minnesota," which also is the required venue of the arbitration. (*Id.*) (emphasis added). In other words, the arbitration provision encompasses any claims and the choice of law language merely clarifies the applicable law in the event of any dispute and clarifies, rather than limits, the arbitration provision's application to "any" claims.

### B. Plaintiff's Class Allegations Should Be Stricken.

Absent arbitration, the Court must make individualized assessments about whether an individual qualifies as a class member. This merits striking the class allegations.[7] The amount of ink spilled in the parties' briefing on just the limited issue of whether the Warranty applies to Plaintiff demonstrates the tremendous burden that will result from mini-trials on Warranty applicability – among other issues, such as whether any putative class member experienced a failure, the cause of any such failure, and how the PEX was procured – as to each class member. It is thus curious that the Opposition highlighted *Carrico*, which held that a class definition as equally-

TROUTMAN PEPPER LOCKE LLP
TWO CALIFORNIA PLAZA
350 SOUTH GRAND AVENUE
SUITE 3400
LOS ANGELES, CA 90071

---

[7] Plaintiff incorrectly argues Uponor's request to strike/dismiss class allegations is "premature". A court may dismiss/strike class allegations at the pleading stage when it is facially apparent a plaintiff has failed to allege an ascertainable class. *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146-47 (N.D. Cal. 2010).

3:25-CV-01286-BJC-DDL

overbroad as the one here was *not* acceptable:

> [D]etermining whether defects in the PEX installed in the putative members' homes, as opposed to faulty installation or other problems, caused the leaks would require individualized inquiries. The specific alleged facts of this case will almost necessarily require individual inquiries not only into causation, but also into how putative members procured the PEX and whether the Warranty applies to them. The Court therefore finds that the SAC's class definition, as presently alleged, is overbroad and, because no amount of discovery could cure this defect, cannot meet the predominance requirement for class certification.

*Id*. at 24 (citations omitted). Plaintiff's class definition demands this same fact-intensive inquiry, rendering his claims unsuitable for a class action.

### C.      The Negligence And Strict Liability Claims Should Be Dismissed.

Plaintiff's tort claims should be dismissed because he has not alleged that he has suffered any damages and he cannot avoid application of the economic loss rule.

As a threshold matter, "[s]tatements of fact contained in a brief may be considered admissions of a party in the discretion of the district court," and the same is true for declarations. *Hornberger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2015 WL 13310465, at *3 (C.D. Cal. Jan. 22, 2015) (citation omitted) (treating facts in a declaration submitted by plaintiff in opposition to motion to compel arbitration as judicial admissions that conclusively bound plaintiff and could be considered in ruling on motion to dismiss). Here, Plaintiff admitted to having suffered *no* damages by declaring he "had no expenses for the leaks and property damage as Mr. Ludlow covered the cost of the leaks and damage." (*Id.* at ¶¶ 16, 18, 34, 50). Since Plaintiff failed to establish an essential element of his tort claims, they should be dismissed.

Furthermore, Plaintiff's lack of damage demonstrates that these tort claims are barred by the economic loss rule. "A consumer may not recover economic loss damages against the manufacturer of a defective product in a cause of action for strict liability or negligence." *Casey v. Overhead Door Corp.,* 74 Cal. App. 4th 112, 123 (1999) (citations omitted), *overruled on other grounds by Jiminez v. Super. Ct.*, 29

TROUTMAN PEPPER LOCKE LLP
TWO CALIFORNIA PLAZA
350 SOUTH GRAND AVENUE
SUITE 3400
LOS ANGELES, CA 90071

- 8 -

Cal. 4th 473 (2002).  Consistently, a manufacturer does not owe a duty to a remote consumer absent a "special relationship" which has not been alleged, nor could be alleged since the Uponor PEX was not specially manufactured for Plaintiff. *Greystone Homes, Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194, 1230-31 (2008) (manufacturers do "not share a special relationship with ordinary buyers of the products . . . because the purchasers . . . were no different from any other purchaser of the same product").  While plaintiff attempting to recover in tort can recover for damages to person or "other property," Plaintiff judicially admits that he did not incur expenses for repairs or property damage, so leave to amend would be futile due to the economic loss rule.[8]

> **D.     Plaintiff's Fraudulent Concealment, CLRA, FAL, And UCL Claims Are Improperly Pled And Should Be Dismissed.**

Rule 9(b) requires allegations of fraud or mistake to be stated "with particularity."  *See In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV Television Litigation*, 758 F. Supp. 2d 1077, 1088-89 (S.D. Cal. 2010) (applying Rule 9 to UCL and FAL claims); *Klaehn v. Cali Bamboo, LLC*, 2020 WL 3971518, at *5 (S.D. Cal. July 13, 2020) (same re: CLRA).  This standard also applies to concealment claims: "[A] plaintiff alleging fraudulent omission or concealment must still plead the claim with particularity [and] plead the 'what,' 'why,' and 'how.'" *Sarkesian v. Ford Motor Co.*, 2023 WL 2994117, at *5 (S.D. Cal. April 18, 2023).

*First*, as discussed above, Plaintiff has suffered no damages, which is an essential element of his claims.  *Second*, Plaintiff's Declaration directly contradicts his CLRA demand letter and Complaint on the issue of reliance.  For example,

---

[8] Plaintiff's alleged painting of repaired drywall (Clifford Decl. ¶ 18), if it even constitutes "damage", (i) relates to repair/replacement costs and is an "economic loss" unrecoverable in tort (*see Carrau v. Marvin Lumber & Cedar Co.*, 93 Cal. App. 4th 281, 292-295 (2001) (costs for "repairing and replacing" defective products unrecoverable in tort per Economic Loss Rule)); and (ii) is *de minimis* and fails to avoid the economic loss rule.  *Lewinter v. Genmar Indust., Inc.,* 26 Cal. App. 4th 1214, 1223 (1994) (when "other property damage" aside from damage to product itself is "*de minimis*," the "essence of the claim is only for economic loss") (citation omitted).

TROUTMAN PEPPER LOCKE LLP
TWO CALIFORNIA PLAZA
350 SOUTH GRAND AVENUE
SUITE 3400
LOS ANGELES, CA 90071

Plaintiff argues he adequately pled his fraudulent concealment, CLRA, FAL, and UCL claims, but each claim requires a showing of his reliance. *See Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1386-87 (2010); *Doe v. Successfulmatch.com*, 2014 WL 1494347, at *6 (N.D. Cal. Apr. 16, 2014) (in putative class action, granting motion to dismiss UCL and CLRA claims due to failure to allege named plaintiffs' "reliance on Defendant's alleged misrepresentations and omissions"). To avoid arbitration, Plaintiff now declares he has "never seen or read any Uponor warranty" and has "never seen any Uponor marketing materials." (Clifford Decl., ¶¶ 13, 19). The Court can consider these admissions in ruling on a motion to dismiss. *Hornberger*, 2015 WL 13310465, at *3. If the Court does not compel arbitration, the Court should dismiss these misrepresentation-based claims with prejudice.

Dated: September 3, 2025

Respectfully Submitted,

TROUTMAN PEPPER LOCKE LLP

*/s/ Jeffrey M. Goldman*

Jeffrey M. Goldman
Nicholas J. Schuchert
Andrick J. Zeen

Attorneys for Defendant
UPONOR, INC.

TROUTMAN PEPPER LOCKE LLP
TWO CALIFORNIA PLAZA
350 SOUTH GRAND AVENUE
SUITE 3400
LOS ANGELES, CA 90071

- 10 -